**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLY CORLESS and JASON GOLDSTEIN, individually and on behalf of all others similarly situated, | CASE NO. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| FARMER JON'S POPCORN, LLC, | |
| Defendant. | |

Plaintiffs Kimberly Corless and Jason Goldstein ("Plaintiffs"), individually and on behalf of themselves and all others similarly situated, bring this Class Action Complaint against Defendant Farmer Jon's Popcorn, LLC ("Farmer Jon's" or "Defendant"), and allege, upon personal knowledge as to themselves and their own actions and experiences, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    Plaintiffs, individually and on behalf of themselves and all others similarly situated, by counsel, bring this putative class action against Defendant for its false and misleading advertising of its Farmer Jon's popcorn products featuring the prominent misrepresentation that they contain butter, when they do not, which is deceptive and misleading to reasonable consumers.[1]

---

[1] Subject to further discovery, such butter popcorn products include all size options in the following collections: Butter Popped Popcorn, Butter Jumbo Bag and the following Microwave Popcorn products: Extra Butter White, Butter Light White, Movie Theater Butter, Extreme Butter, Extra Butter, Homestyle Butter, Light Butter, Mini Light Butter, Mini Movie Theater and Mini Extra Butter (hereinafter "Butter Popcorn Product(s)").

2.      Defendant prominently misrepresents to consumers in large, black bolded print on the front label of its product packaging that its Butter Popcorn Products contain "Butter." Defendant's use of the term "Butter" is designed to induce consumers to pay a premium price and buy the Butter Popcorn Products. Based on this express representation, reasonable consumers believe Defendant's Butter Popcorn contains butter.

3.      In reality, however, Defendant's Butter Popcorn Products contain *no butter at all.* Indeed, in conflict with Defendant's explicit labeling, the miniscule ingredient list displayed on the back of the packaging discloses that the Butter Popcorn Products contain four ingredients: popcorn, corn oil, popcorn salt and beta carotene—but no butter.

4.      Farmer Jon's untruthful advertising of its Butter Popcorn Products constitutes an unfair and misleading bait-and-switch scheme and causes consumers to purchase a product they otherwise would not have purchased had they known the truth. Plaintiffs and putative Class Members were injured at the time of purchase because they would not have paid a premium price for Defendant's Butter Popcorn Products had Defendant made truthful advertising statement and/or disclosed material information concerning the lack of butter in the Butter Popcorn Products.

5.      Through false, misleading and deceptive advertisements, Defendant violated New York, Florida and the common law by representing that its Butter Popcorn Products contain butter when they do not. Specifically, Plaintiffs assert claims for relief and restitution under New York's Consumer Protection from Deceptive Acts and Practices statutes, N.Y. Gen. Bus. Law §§ 349 and 350, as well as Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq*., and similar consumer protection statutes of other included states, claims of unjust enrichment, breach of warranties, fraud and negligent misrepresentation.

6.      Plaintiffs bring this action on behalf of themselves individually and a Class of similarly situated consumers who purchased the Butter Popcorn Products manufactured by Defendant nationwide, and in other states with similar consumer protection statutes. Plaintiffs also seek to represent a New York State Class and a Florida State Class.

7.      Plaintiffs seek to halt Defendant's dissemination of false and misleading representations, to correct the false and misleading perception that Defendant's representations created in the minds of reasonable consumers and to obtain redress for those who purchased Defendant's Butter Popcorn Products in the form of actual and statutory damages, costs of suit and reasonable attorneys' fees.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction of this action under the Class Action Fairness Act of 2005, § 1332(d) because (1) the amount in controversy, exclusive of costs and interest, exceeds the sum of $5,000,000.00; (2) the proposed Class is comprised of at least 100 Members; and (3) at least one of the Members of the proposed Class is a citizen of a different state than Defendant.

9.      This Court has personal jurisdiction over Defendant because Defendant conducts business in New York and is a limited liability company organized under the laws of the State of New York with its corporate office located in Rochester, New York. Further, Defendant marketed, promoted, distributed and sold the Butter Popcorn Products at issue in New York, rendering exercise of jurisdiction by New York courts permissible.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction here, regularly conducts business in this District, and because a

substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

### *Plaintiff Kimberly Corless*

11.    Plaintiff Kimberly Corless is and was, at all relevant times, a citizen of the State of New York, currently residing in Sunnyside, New York.

12.    On or around March 24, 2024, Ms. Corless purchased three large 10-ounce bag of Farmer Jon's Butter Popcorn from Amazon.com.

13.    Plaintiff Corless read the Butter Popcorn Product's packaging, specifically, Defendant's prominent representation made on the front label that the Butter Popcorn Product contained "Butter."

14.    Plaintiff Corless purchased the Butter Popcorn Product believing she was receiving a popcorn that contained butter.

15.    In making her purchasing decision, Plaintiff Corless relied on Defendant's misrepresentation that the Butter Popcorn Product did in fact contain butter.

16.    Plaintiff Corless would not have purchased the Butter Popcorn Product but for Defendant's misrepresentation that the Product did in fact contain "butter."

17.    Had Plaintiff Corless known that the Butter Popcorn product did not contain butter as advertised, Plaintiff Corless would never have purchased the product on the same terms or would have paid less for it.

### *Plaintiff Jason Goldstein*

18.    Plaintiff Jason Goldstein is and was, at all relevant times, a citizen of the State of Florida, currently residing in Delray Beach, Florida.

19.     On or around over the last three years, Mr. Goldstein purchased Farmer Jon's Butter Popcorn Products, including but not limited to Farmer's Jon's Butter Popped Popcorn, from Walmart and BJs, on at least a dozen occasions.

20.     Plaintiff Goldstein read the Butter Popcorn Products' packaging, specifically, Defendant's prominent representation made on the front label that the Butter Popcorn Products contained "Butter."

21.     Plaintiff Goldstein purchased the Butter Popcorn Products believing he was receiving a popcorn that contained butter.

22.     In making his purchasing decisions, Plaintiff Goldstein relied on Defendant's misrepresentation that the Butter Popcorn Products did in fact contain butter.

23.     Plaintiff Goldstein would not have purchased the Butter Popcorn Products but for Defendant's misrepresentation that the Products did in fact contain "butter."

24.     Had Plaintiff Goldstein known that the Butter Popcorn Products did not contain butter as advertised, Plaintiff Goldstein would never have purchased the Products on the same terms or would have paid less for them.

***Defendant Farmer Jon's Popcorn, LLC***

25.     Defendant Farmer Jon's Popcorn, LLC is a limited liability company organized under the laws of the State of New York with its corporate office located in Rochester, New York.

## FACTUAL ALLEGATIONS

## I.     Farmer Jon's Advertising of its Butter Popcorn Products

26.     Defendant states that "[e]ach of our gourmet-popped popcorn recipes is meticulously crafted to create extraordinary flavors, and every single handmade batch has Farmer

Jon's fresh flavor guarantee"[2] and "everything that leaves our location meets the highest quality standards."[3]

27.    Originating from Breda, Iowa through multi-generation Iowa corn farmers, the Farmer Jon's popcorn brand has grown to become a popular brand throughout the United States and sold in some of the largest retailers in the country.

28.    Defendant highlights that "popcorn is our passion, but creating happy customers is what our business is truly all about."[4] This goal is reflected in Farmer Jon's sole, foundational goal in mind "giving our customers a fair, rewarding and enjoyable shopping experience."

29.    At all relevant times, Defendant has marketed its Butter Popcorn Products in a consistent manner. Defendant sells the Butter Popcorn Products in all 50 states, on its website and through various distributors and retailers across the United States.

30.    Defendant offers the Butter Popcorn Products under its brand Farmer Jon's Popcorn. Each of the Butter Popcorn Products is labeled in a similar fashion. The Butter Popcorn Products all highlight one specifically and commonly understood ingredient—butter—on the front labels. Of import, the use of the term "butter" is not followed by any qualification or asterisk providing context for the representation, nor is there an associated statement anywhere on the

---

[2] https://www.farmerjonspopcorn.com/about (last accessed Mar. 20, 2025).
[3] *Id.*
[4] *Id.*

packaging that the term "butter" is used as a flavor descriptor. However, there is no butter in the

Butter Popcorn Products. The following are samples of the Butter Popcorn Products' packaging: [5]

 

---

[5]    *See    e.g.*,    https://www.bjs.com/product/farmer-jons-popcorn-jumbo-butter-20-oz/3000000000004046253    (last    accessed    March    11,    2025); https://www.qvc.com/qvc.product.M91244.html?colorId=848&sizeId=000&ref=GBA&&CID= GGL-SP-
GGL|SP|BrandProductcookingdininggourmetfood|KIT|PLA|X|X|Static|X|ACQ|X|X|X&e4=ACQ &e5=PLA&e6=KIT&e7=16376164467&e8=EAIaIQobChMIl5-
_iZWZjAMVcNbCBB1z3SltEAQYByABEgJIA_D_BwE&e9=SRCH&e10=PROD&e11=53497 61714&e12=166009998177&e13=pla-1987527989499&e17=M91244-848-
000&e24=g&gad_source=4&gclid=EAIaIQobChMIl5-
_iZWZjAMVcNbCBB1z3SltEAQYByABEgJIA_D_BwE    (last    accessed    Mar.    20,    2025); https://www.farmandhomesupply.com/farmer-jon-s-butter-popcorn-24-
pack.html?gad_source=4&gclid=EAIaIQobChMIs4Xn65WZjAMVwCCtBh2m1RG9EAQYAS ABEgJ_8vD_BwE (last accessed Mar. 20, 2025); https://www.farmerjonspopcorn.com//product-page/extra-butter-microwave-
popcorn?utm_source=tiktok&utm_medium=wix_tiktok_feed&utm_campaign=freelistings&srslti d=AfmBOopC5y3tsDUQTj2w0kxDSswIFS2-
Cedz6xqXqLoJuIGSRMIJQ967XI0&gQT=1&gRefinements=FEATURE:Microwave    (last accessed Mar. 20, 2025).




31.     Accordingly, Defendant represented and warranted the Butter Popcorn Products as containing a specific and commonly understood ingredient, butter, for the express purpose of inducing Plaintiffs and Class Members to purchase its Butter Popcorn Products.

32.     The ingredients of any consumable product are material to any reasonable consumer, including Plaintiffs and the Class, and based on Farmer Jon's Butter Popcorn Products' clear and explicit label claim, Plaintiffs and Class Members reasonably believed that the Butter Popcorn Products did in fact contain butter.

## II.    Farmer Jon's Marketing of its Butter Popcorn Products Violates Federal and State Regulations

33.     As the distributor of the Butter Popcorn Products, Defendant has an affirmative duty to comply with the FDCA, 21 U.S.C. § 301, *et seq*., as well as any parallel state statute.

34. Federal and identical state regulations prohibit false and deceptive practices with respect to label food and beverages. *See* Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 343(a)(1) (a food is misbranded if "its labeling is false or misleading in any particular"; New York Agriculture and Markets Law § 201(1) ("Food shall be deemed to be misbranded [] If its labeling is false or misleading in any particular."); and New York Health Code Food, Drug and Cosmetics, Article 71.05(d) ("A food shall be deemed misbranded in accordance with the [FDCA] (21 U.S.C. §343) or the New York State Agriculture and Markets Law (§ 201) under circumstances including, but not limited to, any of the following: (1) If its labeling is false or misleading in any particular").

35. New York's Deceptive Acts and Practices statute, N.Y. Gen. Bus. Law § 349, provides protection for consumers purchasing products like Defendant's Butter Popcorn Products, and states:

> Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

> This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry.

N.Y. Gen. Bus. Law § 349(a), (d).

36. New York's False Advertising statute, N.Y. Gen. Bus. Law § 350, provides protection for consumers against false advertising:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

37. The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*, provides similar protection for consumers against:

[…]those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

### III.    Farmer Jon's Knows, or Should Have Known, That Plaintiffs, Class Members and Consumers Value Butter

38.    Highlighting the importance of butter, butter is the only food with a standard identity codified by Congress:

> […] the food product usually known as butter, and which is made exclusively from milk or cream, or both, with or without common salt, and with or without additional coloring matter, and containing not less than 80 per centum by weight of milk fat, all tolerances having been allowed for.

21 U.S.C. § 321a.

39.    Congress established a definition for "butter" because consumers value real dairy foods. As stated by District Court Judge Steven C. Seeger:

> Butter is magic on a stick. As this Court's grandmother used to say, butter makes nothing worse, and makes almost everything better. Spread on a fresh baguette, melted over mashed potatoes, or baked into a flaky croissant, butter makes everything it touches turn to golden goodness. It's the Midas of condiments.

> Few words in the English language are more alluring than "butter," and for good reason. Most of us have a hard time resisting anything associated with butter. And, when it comes to promoting food, marketers want to be on Team Butter. Sex sells, but butter is a close second.

*See Strow v. B&G Foods, Inc*., 633 F. Supp. 3d 1090, 1093 (N.D. Ill. 2022).

40.    In response to the success of real dairy foods, unscrupulous competitors developed synthetic, butter-adjacent products made from plants, known as vegetable oils or margarine. Chief among the motivation for this development was cost savings for the manufacturer in using vegetable oils, while still capitalizing on consumers' demand for butter.

41.     Due to this reality, the FDA established specific guidelines for the labeling of food with the term "butter."[6] The FED recommends that where a food is labeled "Butter _____" or uses the word "butter" in conjunction with its name, reasonable consumers will expect that whenever butter could be used in a product, it would be, instead of butter substitutes.

**IV.    Farmer Jon's Use of the Term "Butter" on the Packaging of the Butter Popcorn Products is Misleading Because They Lack Butter**

42.     Despite Defendant's explicit representation made front and center on its Butter Popcorn Products' labels, Farmer Jon's Butter Popcorn Products do not actually contain any butter. Indeed, the ingredient label on the back of the Butter Popcorn Products' packaging confirms that butter is not even an ingredient in the Butter Popcorn Products: [7]

43.     Based on Defendant's front label claims, reasonable consumers would have no reason to believe that Farmer Jon's Butter Popcorn Products do not contain butter. Further, reasonable consumers would not learn that the Butter Popcorn Products do not in fact contain butter unless, and until, they ventured to the back of the packaging and discovered the miniscule fine print ingredient list buried at the very bottom of the "Nutrition Facts" panel:[8]

---

[6] Compliance Policy Guide ("CPG"), Sec 505.200, "Butter" Featured in Product Name, Center for Food Safety and Applied Nutrition, Office of Regulatory Affairs, March 1988 ("If the product contains both butter and shortening but a sufficient amount of butter to give a characteristic butter flavor to the product, an appropriate name would be 'butter flavored _____'… if the product contains any artificial butter flavor it would have to be labeled in compliance with 21 CFR 101.22(i)(2).").

[7] *See e.g.*, *https://www.bjs.com/product/farmer-jons-popcorn-jumbo-butter-20-oz/3000000000004046253* (last accessed March 11, 2025).

[8] *See https://www.bjs.com/product/farmer-jons-popcorn-jumbo-butter-20-oz/3000000000004046253* (last accessed March 11, 2025).



44.    Farmer Jon's Butter Popcorn Products also contain beta carotene, to make the popcorn look like the golden hue of butter. This tactic is as old as butter competitors, that dyed margarine yellow, so as to mislead consumers as to whether they purchased real butter or a lessor vegetable imitation.

45.    Thus, the manner in which Farmer Jon's discloses the ingredients of its Butter Popcorn Products adds to the deception.

46.     Consumers are further misled because the front label fails to disclose—as required by federal and state law—that the represented "butter" in Farmer Jon's Butter Popcorn Products is an imitation because "it purports to be or is represented as a food for which a definition and standard of identity has been prescribed." *See* New York Agriculture and Markets Law § 201(7), New York Health Code Food, Drug and Cosmetics, Article 71.05(d)(7); *see also* 21 C.F.R. § 101.3(e)(1).

47.     Whether a product contains the ingredient identified on a front label is basic information consumers rely on when making decisions at the store.

48.     Reasonable consumers must, and do, rely on a company to honestly identify and describe the components, attributes and features of a product, relative to itself and other comparable products or alternatives.

49.     The value of the Butter Popcorn Products that Plaintiffs purchased was materially less than their value as represented by Defendant.

50.     Defendant sold more of the Butter Popcorn Products, and at higher prices, than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

51.     Had Plaintiffs and Class Members known the truth, they would not have bought the Butter Popcorn Products or would have paid less for them.

52.     The Butter Popcorn Products are sold at a price premium compared to other similar products and higher than they would otherwise be sold for, absent the misleading representations and omissions.

### V.    Plaintiffs Have No Adequate Remedy at Law

53.    Plaintiffs seek restitution if monetary damages are not available. But even if damages were available, such relief would not be adequate to address the injuries suffered by Plaintiffs and the Class. Unlike damages, the Court's discretion in fashioning equitable relief is very broad. Thus, restitution would allow recovery even when normal consideration associated with damages would not.

54.    Plaintiffs and the Class seek all monetary and nonmonetary relief allowed by law, including restitution stemming from Defendant's unfair, unlawful and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs; statutory damages; injunctive relief and other appropriate equitable relief.

### FED. R. CIV. P. 9(b) ALLEGATIONS
(Affirmative and By Omission)

55.    Although Defendant is in the best position to know what content it placed on its marketing materials during the relevant timeframe, and the knowledge that it had regarding the ingredients in its Butter Popcorn Products and the absence of butter therein, to the extent necessary, Plaintiffs satisfy the requirements of Rule 9(b) by alleging the following facts with particularity:

56.    **Who**: Farmer Jon's made the affirmative representations regarding the presence of butter in the Butter Popcorn Products. It also omitted the fact that the Butter Popcorn Products do not contain butter, but contain imitation ingredients. It made these representations and omissions on the Butter Popcorn Products' packaging, its website and marketing materials, in written and electronic form.

57.    **What**: Farmer Jon's conduct here was, and continues to be, fraudulent because it misrepresented the Butter Popcorn Products while omitting and concealing that the Butter Popcorn Products do not contain butter, but contain imitation ingredients. Farmer Jon's conduct deceived

Plaintiffs and the Class into believing that the Butter Popcorn Products contained butter. Farmer Jon's knew, or should have known, that the presence of butter in a food product is material to reasonable consumers, including Plaintiffs and the Class, in making their purchasing decisions; yet it marketed and continues to market the Butter Popcorn Products as containing butter. Similarly, Farmer Jon's omitted and continues to omit any disclaimer that the Butter Popcorn Products do not contain butter, but contain imitation ingredients. No reasonable consumer would expect that the Butter Popcorn Products do not contain butter.

58.    **When**: Farmer Jon's marketing of the Butter Popcorn Products and the omissions detailed herein were made during the class period, prior to and at the point of sale, leaving Plaintiffs and the Class unaware of the absence of butter in the Butter Popcorn Products  prior to purchase.

59.    **Where**: Farmer Jon's marketing of the Butter Popcorn Products and the omissions were made on its packaging and marketing materials, on its website and through its social media, in written and electronic form.

60.    **How**: Farmer Jon's made misrepresentations and failed to disclose material facts about the Butter Popcorn Products, in written and electronic form on the Butter Popcorn Products' packaging and company website.

61.    **Why**: Farmer Jon's marketed its Butter Popcorn Products and omissions for the express purpose of inducing Plaintiffs and the Class to purchase the Butter Popcorn Products, the effect of which was that Farmer Jon's profited by selling the Butter Popcorn Products to many thousands of consumers.

62.    **Injury**: Plaintiffs and the Class purchased, or paid more for, the Butter Popcorn Products when they otherwise would not have absent Farmer Jon's marketing and omissions.

Consumers continue to suffer economic harm by purchasing the Butter Popcorn Products that do not contain butter.

## TOLLING ALLEGATIONS

### I.    Discovery Rule

63.    The causes of action alleged herein, accrued upon discovery of Defendant's misrepresentations and omissions related to the marketing and advertising of its Butter Popcorn Products. Because Defendant concealed them, Plaintiffs and Members of the Class did not discover, and could not have known, of absence of butter in the Butter Popcorn Products through reasonable and diligent investigation. Reasonable and diligent investigation did not, and could not, reveal a factual basis for a cause of action based on Defendant's misrepresentations, omissions and concealment of the absence of butter in the Butter Popcorn Products and the presence of imitation butter alternatives.

### II.    Fraudulent Concealment

64.    Any applicable statutes of limitation have been tolled by Defendant's knowing, active and ongoing concealment and denial of the facts as alleged herein.

65.    Defendant was, and is, under a continuous duty to disclose to Plaintiffs and the Class the true character, quality and nature of the Butter Popcorn Products—particularly with respect to the absence of butter in the Butter Popcorn Products.

66.    At all relevant times, and continuing to this day, Defendant knowingly, affirmatively and actively misrepresented and concealed the true character, quality and nature of the Butter Popcorn Products and sold the Butter Popcorn Products into the stream of commerce without butter in any of the Butter Popcorn Products.

67.     Given Defendant's failure to disclose this non-public information, over which Defendant had exclusive control, about the nature of the Butter Popcorn Products and absence of butter in the products—and because Plaintiffs and the Class could not reasonably have known the true nature of the Butter Popcorn Products—Plaintiffs and the Class reasonably relied on Defendant's marketing of the Butter Popcorn Products. Had Plaintiffs and the Class known that the Butter Popcorn Products did not contain butter and/or contained imitation butter substitutes, they would not have purchased the Butter Popcorn Products or would have paid significantly less for them.

68.     Plaintiffs and the Class have been kept ignorant by Defendant of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiffs and the Class could not reasonably have discovered the true nature of the Butter Popcorn Products.

## III.    Estoppel

69.     Farmer Jon's was, and is, under a continuing duty to disclose to Plaintiffs and the Class the true character, quality and nature of the Butter Popcorn Products. Farmer Jon's knowingly, affirmatively and actively concealed the true character, quality and nature of the Butter Popcorn Products, and the concealment is on-going. Farmer Jon's knew the Butter Popcorn Products did not contain butter and actively concealed that fact. Plaintiffs and the Class reasonably relied on Farmer Jon's affirmative representations and omissions. For these reasons, Farmer Jon's is estopped from relying on any statute of limitations in defense of this action.

70.     Additionally, Farmer Jon's is estopped from raising any defense of laches due to its own conduct as alleged herein.

## CLASS ALLEGATIONS

71.     Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) and 23(c)(4)

Plaintiffs bring this action individually and on behalf of a proposed Classes of similarly situated

persons defined as follows:[9]

> Nationwide Class: All persons who reside in the United States who purchased
> Farmer Jon's Butter Popcorn Products during the applicable liability period for their
> personal use, rather than for resale or distribution, until the date notice is
> disseminated.

> Multi-State Consumer Protection Class: All persons who reside in New York or any
> state with similar laws[10] who purchased Farmer Jon's Butter Popcorn Products
> during the applicable liability period for their personal use, rather than for resale or
> distribution, until the date notice is disseminated.

> New York Class: All persons who purchased Farmer Jon's Butter Popcorn Products
> in New York during the applicable liability period for their personal use, rather than
> for resale or distribution, until the date notice is disseminated.

> Florida Class: All persons who purchased Farmer Jon's Butter Popcorn Products in
> Florida during the applicable liability period for their personal use, rather than for
> resale or distribution, until the date notice is disseminated.

---

[9] Unless otherwise specified, all references in this Complaint to "Classes" or the "Class" refer collectively to the Nationwide Class, Multi-State Consumer Protection Class, New York Class and Florida Class.

[10] While discovery may alter the following, Plaintiffs assert that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to, Alaska (AS § 45.50.471, *et seq.*), Arkansas (Ark. Code § 4-88-101, *et seq.*), California (Cal. Bus. & Prof. Code § 17200, *et seq.*), Connecticut (Conn. Gen. Stat. § 42-110, *et seq*), Delaware (Del. Code tit. 6, § 2511, *et seq.*), District of Columbia (D.C. Code § 28-3901, *et seq.*), Florida (Fla. Stat. § 501.201, *et. seq.*), Hawaii (Haw. Rev. Stat. § 480-1, *et seq.*), Illinois (815 ICLS § 501/1, *et seq.*), Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*), Michigan (Mich. Comp. Law § 445.901, *et seq.*), Minnesota (Minn. Stat. § 325F.67, *et seq.*), Missouri (Mo. Rev. Stat. § 407.010, *et seq.*), New Jersey (N.J. Stat. § 56:8-1, *et seq.*), New York (N.Y. Gen. Bus. Law § 394, *et seq.*), Rhode Island (R.I. Gen. Laws § 6-13.1-1, *et seq.*), Vermont (Vt. Stat. tit. 9, § 2451, *et seq.*), Washington (Wash. Rev. Code § 19.86.010, *et seq.*), and Wisconsin (Wis. Stat. § 100.18, *et seq.*). *See Langan v. Johnson & Johnson Consumer Companies, Inc*., 897 F.3d 88, 96 (2d Cir. 2018); *Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 201, 204 (W.D.N.Y. 2020); *see also Benson v. Newell Brands, Inc.*, No. 19 C 6836, 2021 WL 5321510, *9-10 (N.D. Ill. Nov. 16, 2021) (certifying a similar multi-state consumer protection class).

72.     Excluded from the Classes are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

73.     Plaintiffs reserve the right to modify or amend the definitions of the Classes as this litigation proceeds and before the Court determines whether class certification is appropriate.

74.     **<u>Numerosity</u>**: The Members of the Classes are so numerous that joinder of all Members is impracticable. Plaintiffs are informed and believe that the proposed Classes contain at least thousands of individuals who have been damaged by Defendant's conduct as alleged herein. The precise number of Class Members is unknown to Plaintiffs at this time, but Plaintiffs anticipate that the number and identities of Class Members are administratively feasible and can be determined through appropriate discovery in the possession of Farmer Jon's and/or third-party retailers and vendors.

75.     **<u>Commonality and Predominance</u>**: This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

a)      Whether Defendant made false and/or misleading statements to the Classes and the public concerning their Butter Popcorn Products;

b)      Whether Defendant's advertising and/or the packaging for the Butter Popcorn Products is misleading and deceptive;

c)      Whether Defendant's representations and omissions concerning their Butter Popcorn Products involved representations and omissions of material facts;

d)      Whether Defendant's "butter" representations amount to materially deceptive statements;

e)      Whether Defendant's Butter Popcorn Products contain butter;

f)      Whether Defendant's conduct violates the consumer fraud statutes;

g)      Whether Defendant's conduct was unjust and in violation of principles of justice, equity and good conscience;

h)      Whether Defendant breached the express and implied warranties made to Plaintiffs and Class Members;

i)      Whether Defendant's conduct satisfies the elements of fraud;

j)      Whether Defendant's conduct satisfies the elements of negligent misrepresentation;

k)      Whether Defendant's false and misleading statements concerning its Butter Popcorn products were likely to deceive the public;

l)      Whether Plaintiffs and Class Members have sustained monetary loss and the proper measure of that loss;

m)      Whether Defendant's profits resulting from Plaintiffs' and Class Members' purchases and/or overpayments are subject to equitable disgorgement; and

n)      Whether Plaintiffs and Class Members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

These questions, and others, are common to the Classes and predominate over individual issues. Further, the issues of fact and law applicable to the Classes are identical to the issues of fact and law applicable to each individual Member of the proposed Classes.

76.    **Typicality**: Plaintiffs' claims are typical of the members of the Classes because, *inter alia,* all Class Members have been deceived (or were likely to be deceived) by Defendant's false and misleading advertising claims about Defendant's Butter Popcorn Products. Plaintiffs are advancing the same claims and legal theories on behalf of themselves individually and all Class Members.

77.    **Adequacy**: Plaintiffs will fairly and adequately protect the interests of the Class Members. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no antagonistic or adverse interests to those of the Classes.

78.    **Superiority**: A class action is superior to other methods for resolving this controversy. Because the amount of restitution, damages and/or penalties to which the Class Members may be entitled is low in comparison to the expense and burden of individual litigation, it would be impracticable for Class Members to redress the wrongs done to them without a class action forum. Furthermore, on information and belief, many Class Members do not know that their legal rights have been violated. Class certification would also conserve judicial resources and void the possibility of inconsistent judgments.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION
***(On Behalf of Plaintiffs and the Nationwide Class and, in the alternative, the New York Class and/or the Florida Class)***

79.    Plaintiffs hereby adopt and incorporate by reference the allegations contained in paragraphs 1 through 78 as though fully set forth herein.

80.    Pursuant to New York and Florida law, Plaintiffs must prove the following for a negligent misrepresentation claim: (1) a false statement of a material fact; (2) Defendant's knowledge that the statement was false; (3) Defendant's intent that the statement induce Plaintiffs to act; (4) Plaintiffs' reliance upon the truth of the statement; and (5) Plaintiffs' damages resulting from reliance on the statement.

81.    As the seller of the Butter Popcorn Products and a merchant, Defendant had a duty to give correct, true and accurate information to Plaintiffs and Class Members regarding the nature of the Butter Popcorn Products. Defendant had sole possession and control of this information and had a duty to disclose it correctly, truthfully and accurately to Plaintiffs and Class Members.

82.    Defendant represented that the Butter Popcorn Products contained butter, when in reality, the Butter Popcorn Products did not and do not contain any butter. Defendant knew, or should have known, that the Butter Popcorn Products did not contain any butter.

83.    Defendant supplied information—that the Butter Popcorn Products contained butter—that was known by Defendant to be desired by Plaintiffs and Class Members and to induce them to purchase the Butter Popcorn Products. Defendant knew that making these representations would induce consumers to purchase their Butter Popcorn Products.

84.    Plaintiffs and Class Members relied upon Defendant's representations that the Butter Popcorn Products contained butter when purchasing the Butter Popcorn Products. Further, Plaintiffs' and Class Members' reliance was in-fact to their detriment because the Plaintiffs and Class Members purchased, at a price premium, the Butter Popcorn Products that did not contain butter.

85.    Plaintiffs and Class Members are entitled to all relief the Court finds proper as a result of Defendant's actions described herein.

## SECOND CAUSE OF ACTION

### FRAUD
***(On Behalf of Plaintiffs and the Nationwide Class and, in the alternative, the New York Class and/or the Florida Class)***

86. Plaintiffs hereby adopt and incorporate by reference the allegations contained in paragraphs 1 through 78 as though fully set forth herein.

87. Defendant knew, or should have known, that the Butter Popcorn Products did not contain butter.

88. Defendant provided Plaintiffs and Class Members with false or misleading material information and failed to disclose material facts about the true nature of the Butter Popcorn Products, including the fact that the Butter Popcorn Products did not contain butter.

89. Defendant had exclusive knowledge of the absence of butter in the Butter Popcorn Products, at the time of sale and at all other relevant times.

90. Defendant had the capacity to, and did, deceive Plaintiffs and Class Members, into believing they were purchasing Butter Popcorn Products that contained butter.

91. Defendant undertook active and ongoing steps to conceal the true nature of the Butter Popcorn Products, despite Defendant's awareness of the absence of butter in the Butter Popcorn Products.

92. The facts concealed and/or not disclosed by Defendant to Plaintiffs and Class Members are material facts in that a reasonable person would have considered them important in deciding whether to purchase (or pay the same price for) the Butter Popcorn Products.

93. Defendant intentionally concealed and/or failed to disclose material facts for the purpose of inducing Plaintiffs and Class Members to act thereon.

94.     Plaintiffs and Class Members justifiably acted, or relied upon, the concealed and/or nondisclosed facts to their detriment, as evidenced by their purchase of, or overpayment for, the Butter Popcorn Products.

95.     Plaintiffs and Class Members suffered a loss of money in an amount to be proven at trial as a result of Defendant's fraudulent concealment and nondisclosure because they would not have purchased the Butter Popcorn Products, or would not have purchased the Butter Popcorn Products for the price they did, if the true facts concerning the Butter Popcorn Products had been known.

96.     Plaintiffs and Class Members are entitled to all relief the Court finds proper as a result of Defendant's actions described herein.

### THIRD CAUSE OF ACTION

**VIOLATION OF NEW YORK'S DECEPTIVE PRACTICES ACT**
**N.Y. Gen. Bus. Law §§ 349,** *et seq.*
*(On Behalf of Plaintiff Corless and the New York Class)*

97.     Plaintiff Corless hereby adopts and incorporates by reference the allegations contained in paragraphs 1 through 78 as though fully set forth herein.

98.     The New York General Business Law ("GBL") § 349, prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state . . . ." GBL § 349(a).

99.     The practices alleged herein—namely, deceiving customers into believing that the Butter Popcorn Products contain butter—are unfair, deceptive and misleading in violation of GBL § 349.

100.     The foregoing deceptive acts and practices were directed at Plaintiff Corless and Members of the New York Class.

101.    Defendant's misrepresentations, including the prominent labeling of the Butter Popcorn Products with the misleading "butter" claim, are material to a reasonable consumer because they relate to the Butter Popcorn Products' essential purpose, *i.e.*, popcorn containing butter. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchasing decisions.

102.    Plaintiff Corless and Members of the New York Class were injured as a direct and proximate result of Defendant's unlawful acts as they would not have purchased or would have paid less for Defendant's Butter Popcorn Products, but-for Defendant's material misrepresentations regarding the presence of butter in the Butter Popcorn Products, as described in this Complaint.

103.    As a result of Defendant's unlawful actions, Plaintiff Corless and Members of the New York Class seek to enjoin Defendant's deceptive and unlawful acts and practices described herein; to recover the greater of their actual damages or fifty dollars ($50.00) per violation; and to recover treble damages, reasonable attorneys' fees and all other remedies this Court deems proper.

### FOURTH CAUSE OF ACTION

**VIOLATION OF NEW YORK'S DECEPTIVE PRACTICES ACT**
**N.Y. Gen. Bus. Law §§ 350, *et seq*.**
***(On Behalf of Plaintiff Corless and the New York Class)***

104.    Plaintiff Corless hereby adopts and incorporates by reference the allegations contained in paragraphs 1 through 78 as though fully set forth herein.

105.    GBL § 350 provides in relevant part: "False advertising in the conduct of any business, trade or commerce . . . in this state is hereby declared unlawful."

106.    In turn, GBL § 350-a defines false advertising as:

advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there

shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity. . . to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

107.    Defendant's claims that the Butter Popcorn Products contain butter, including the prominent labeling with the misleading "butter" descriptor, are untrue, materially misleading and deceive consumers into believing the Butter Popcorn Products possess traits which they cannot.

108.    Defendant's misrepresentations regarding the Butter Popcorn Products are material to a reasonable consumer because they relate to their essential purpose, *i.e.*, popcorn containing butter. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchase decisions.

109.    Plaintiff Corless and Members of the New York Class were induced to purchase the Butter Popcorn Products by Defendant's misrepresentations on the Butter Popcorn Products' labels.

110.    Plaintiff Corless and Members of the New York Class were injured as a direct and proximate result of Defendant's unlawful acts as they would not have purchased or would have paid less for Defendant's Butter Popcorn Products, but-for Defendant's material misrepresentations regarding the presence of butter in the Butter Popcorn Products, as described in this Complaint.

111.    As a result of Defendant's unlawful actions, Plaintiff Corless and Members of the New York Class seek to enjoin Defendant's misleading and unlawful acts and practices described herein; to recover the greater of their actual damages or five hundred dollars ($500.00) per violation; and to recover treble damages, reasonable attorneys' fees and all other remedies this Court deems proper.

## FIFTH CAUSE OF ACTION

**VIOLATION OF STATE DECEPTIVE AND UNFAIR TRADE PRACTICES**
**Fla. Stat. §§ 501.201,** *et seq.*
***(On Behalf of Plaintiff Goldstein and the Florida Class)***

112.    Plaintiff Goldstein hereby adopt and incorporate by reference the allegations contained in paragraphs 1 through 78 as though fully set forth herein.

113.    Plaintiff Goldstein brings this cause of action on behalf of himself and Members of the Florida Class.

114.    Plaintiff Goldstein is a consumer as defined by Fl. Stat. § 501.203(7).

115.    Defendant's Butter Popcorn Products are goods within the meaning of Fla. Stat. §§ 501.201, *et seq*.

116.    Defendant engaged in trade or commerce, as defined by Fla. Stat. § 501.203(8), by advertising, soliciting, providing, offering or distributing its Butter Popcorn Products within the State of Florida.

117.    Federal and state statutes and regulations prohibit Defendant from selling products that advertise they contain "butter" when its Butter Popcorn Products do not actually contain butter. Defendant misrepresented that the Butter Popcorn Products contained "butter." This statement was and is false.

118.    Plaintiff Goldstein and other Members of the Florida Class who purchased Defendant's Butter Popcorn Products suffered injury by virtue of buying a product that misrepresented and/or omitted the true nature of its legality. Had Plaintiff Goldstein and other reasonable consumers known that Defendant's labels misrepresented and/or omitted the legality of the Butter Popcorn Products they would not have purchased said Butter Popcorn Products or would have paid less.

119.    There is no benefit to consumers or competition by allowing Defendant to deceptively market, advertise, package and label its Butter Popcorn Products.

120.    Plaintiff Goldstein and Florida Class Members who purchased Defendant's Butter Popcorn Products had no way of reasonably knowing that these Butter Popcorn Products were deceptively marketed, advertised, packaged and labeled. Thus, Florida Class Members could not have reasonably avoided the injury they suffered.

121.    The gravity of harm suffered by Plaintiff Goldstein and Florida Class Members who purchased Defendant's Butter Popcorn Products outweighs any legitimate justification, motive or reason for marketing, advertising, packaging and labeling the Butter Popcorn Products in a deceptive and misleading manner. Accordingly, Defendant's actions are immoral, unethical, unscrupulous and offend the established public policy as set out in federal regulations and are substantially injurious to Plaintiff Goldstein and Florida Class Members.

122.    The above acts of Defendant, in disseminating said misleading and deceptive statements throughout the state of Florida to consumers, including Plaintiff Goldstein and Florida Class Members, were and are likely to deceive reasonable consumers by obfuscating the true nature of Defendant's Butter Popcorn Products, and thus were violations of Fl. Stat. §§ 501.201, *et seq*.

123.    These misleading and deceptive practices caused Plaintiff Goldstein to purchase Defendant's Butter Popcorn Products and/or pay more than he would have otherwise had he known the true nature of the nature of Defendant's Butter Popcorn Products. Additionally, had Plaintiff Goldstein known the true nature of Defendant's Butter Popcorn Products, he would not have purchased these Butter Popcorn Products or would have paid less.

124.    As a results of Defendant's above unlawful, unfair and fraudulent acts and practices, Plaintiff Goldstein, on behalf of himself and all other similarly situated, and as appropriate, on behalf of the general public of the state of Florida, seeks damages from and declaratory relief that Defendant's actions violate the Deceptive and Unfair Trade Practices Act.

## SIXTH CAUSE OF ACTION

### VIOLATION OF STATE CONSUMER PROTECTION STATUTES
*(On Behalf of Plaintiffs and the Multi-State Consumer Protection Class)*

125.    Plaintiffs hereby adopt and incorporate by reference the allegations contained in paragraphs 1 through 78 as though fully set forth herein.

126.    Plaintiffs and Class Members have been injured as a result of Defendant's violations of the state consumer protection statutes listed above in paragraph 63, footnote 10, which provide redress to Plaintiffs and Class Members based on Defendant's fraudulent, deceptive, unfair and unconscionable acts, practices and conduct.

127.    Defendant's conduct, as alleged herein, violates the consumer protection, unfair trade practices and deceptive acts laws of each of the jurisdictions encompassing the Multi-State Consumer Protection Class.

128.    Defendant violated the Multi-State Consumer Protection Class's states' unfair and deceptive acts and practices laws by representing that the Butter Popcorn Products contain butter.

129.    Defendant's misrepresentations were material to Plaintiffs' and Class Members' decisions to purchase the Butter Popcorn Products, and/or pay a premium for the Butter Popcorn Products.

130.    Defendant made its untrue and/or misleading statements and representations willfully, wantonly and with reckless disregard for the truth.

131.    As a result of Defendant's violations of the aforementioned states' unfair and deceptive practices laws, Plaintiffs and Class Members paid a premium for the Butter Popcorn Products.

132.    As a result of Defendant's violations, Defendant has been unjustly enriched.

133.    Pursuant to the aforementioned states' unfair and deceptive practices laws, Plaintiffs and Class Members are entitled to recover compensatory damages, restitution, punitive and special damages including, but not limited to, treble damages, reasonable attorneys' fees and costs and other injunctive or declaratory relief as deemed appropriate or permitted pursuant to the relevant law.

## SEVENTH CAUSE OF ACTION

### UNJUST ENRICHMENT/QUASI-CONTRACT
*(On Behalf of Plaintiffs and the Nationwide Class and, in the alternative, the New York Class and/or the Florida Class)*

134.    Plaintiffs hereby adopt and incorporate by reference the allegations contained in paragraphs 1 through 78 as though fully set forth herein.

135.    Defendant's unfair and unlawful contract includes, among other things, making false and misleading representations and omissions of material fact, as set forth in this Complaint. Defendant's acts and business practices offend the established public policy of New York and Florida, as there is no societal benefit from false advertising, only harm. While Plaintiffs and Class Members were harmed at the time of purchase, Defendant was unjustly enriched by its misrepresentations and omissions.

136.    Plaintiffs and Class Members were harmed when purchasing Defendant's Butter Popcorn Products as a result of Defendant's material representations and omissions, as described in this Complaint. Plaintiffs and Class Members purchased Defendant's Butter Popcorn Products.

Plaintiffs and Class Members have suffered injury in-fact and lost money as a result of paying a premium price for the Butter Popcorn Products, and as a result of Defendant's unlawful, unfair and fraudulent business practices.

137.    Defendant's conduct allows it to knowingly realize substantial revenue from selling the Butter Popcorn Products at the expense of, and to the detriment of, Plaintiffs and Class Members and to Defendant's benefit and enrichment. Defendant's retention of these benefits violates fundamental principles of justice, equity, good conscience and is in contradiction to the established public policy of New York and Florida.

138.    Plaintiffs and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for its Butter Popcorn Products, which are not as Defendant represent them to be.

139.    Under common law principles of unjust enrichment and quasi-contract, it is inequitable for Defendant to retain the benefits conferred by Plaintiffs' and Class Members' purchases or overpayments.

140.    Plaintiffs and Class Members seek disgorgement of all profits resulting from such purchases or overpayments and establishment of a constructive trust from which Plaintiffs and Class Members may seek restitution.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of Members of the proposed Classes, respectfully requests that the Court enter judgment in Plaintiffs' favor and against Defendant as follows:

A.      Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiffs as Class Representatives and appointing the undersigned counsel as Class Counsel;

B.      Ordering payment of actual and punitive damages;

C.      Ordering payment of statutory damages pursuant to N.Y. Gen. Bus. Law §§ 349(h) and 350-d(1);

D.      Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein and order Defendant to engage in a corrective advertising campaign;

E.      Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiffs and Members of the Classes;

F.      Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

G.      Ordering such other and further relief as may be just and proper.

Dated: April 21, 2025                    Respectfully submitted,

**KALIELGOLD PLLC**

By:*/s/ Sarah M. Levine*
          Sarah M. Levine (NY License No. 5762745)
          Jeffrey D. Kaliel*
          1100 15th Street, NW, 4th Floor
          Washington, D.C. 20005
          (202) 350-4783
S         slevine@kalielgold.com
          jkaliel@kalielpllc.com

          Sophia G. Gold*
          490 43rd Street, No. 122
          Oakland, CA 94609
          (202) 350-4783
          sgold@kalielgold.com
          *Counsel for Plaintiffs and the Putative Class*

          *Pro Hac Vice forthcoming*