UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY CORLESS and JASON GOLDSTEIN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>FARMER JON'S POPCORN, LLC,<br><br>      Defendant. | Case No. 1:25-cv-03304-VM<br><br>**REPORT OF RULE 26(F) MEETING AND PROPOSED CASE MANAGEMENT PLAN** |

   Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Individual Practices of United States District Judge Victor Marrero, Southern District of New York, Plaintiffs Kimberly Corless and Jason Goldstein ("Plaintiffs"), by and through their attorneys, and Defendant Farmer Jon's Popcorn, LLC ("Defendant"), by and through its attorneys, submit the following joint status letter:

**I.  Brief Description of the Case**

   <u>Plaintiffs</u>: Defendant manufactures and sells popcorn products[1] with the prominent representation "butter" on the front label. Plaintiffs allege Defendant uses the term "butter" to induce consumers to pay a premium price and buy the Butter Popcorn Products. Based on the prominent "butter" representations on the front label of the Butter Popcorn Products, consumers

---

[1] Subject to further discovery, such butter popcorn products include all size options in the following collections: Butter Popped Popcorn, Butter Jumbo Bag and the following Microwave Popcorn products: Extra Butter White, Butter Light White, Movie Theater Butter, Extreme Butter, Extra Butter, Homestyle Butter, Light Butter, Mini Light Butter, Mini Movie Theater and Mini Extra Butter (hereinafter "Product(s)" or "Butter Popcorn Product(s)").

reasonably believe that the Products contain butter. However, none of the Products actually contain butter. Instead, the Butter Popcorn Products contain inferior butter substitute ingredients.

Farmer Jon's untruthful advertising of its Butter Popcorn Products constitutes an unfair and misleading bait-and-switch scheme and causes consumers to purchase a product they otherwise would not have purchased—or would have paid less for—had they known the truth. Plaintiffs and putative Class Members were injured at the time of purchase because they would not have paid a premium price for Defendant's Butter Popcorn Products had Defendant made truthful advertising statement and/or disclosed material information concerning the lack of butter in the Butter Popcorn Products.

Through false, misleading and deceptive advertisements, Defendant violated New York, Florida and common laws by representing that its Butter Popcorn Products contain butter when they do not. Specifically, Plaintiffs assert claims for relief and restitution under New York's Consumer Protection from Deceptive Acts and Practices statutes, N.Y. Gen. Bus. Law §§ 349 and 350, as well as Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*, and similar consumer protection statutes of other included states, claims of unjust enrichment, breach of warranties, fraud and negligent misrepresentation.

Plaintiffs bring this action on behalf of themselves individually and classes of similarly situated consumers who purchased the Butter Popcorn Products manufactured by Defendant nationwide, and in other states with similar consumer protection statutes. Plaintiffs also seek to represent a New York State Class and a Florida State Class.

Plaintiffs seek to halt Defendant's dissemination of false and misleading representations, to correct the false and misleading perception that Defendant's representations created in the minds of reasonable consumers and to obtain redress for those who purchased Defendant's Butter

Popcorn Products in the form of actual and statutory damages, costs of suit and reasonable attorneys' fees.

This case is suitable for class treatment, and Plaintiffs will file a motion for class certification pursuant to the schedule set by the Court that sets for the basis for such common adjudication of the factual and legal issues, which include but are not limited to:

a) Whether Defendant made false and/or misleading statements to the Classes and the public concerning their Butter Popcorn Products;

b) Whether Defendant's advertising and/or the packaging for the Butter Popcorn Products is misleading and deceptive;

c) Whether Defendant's representations and omissions concerning its Butter Popcorn Products involved representations and omissions of material facts;

d) Whether Defendant's "butter" representations amount to materially deceptive statements;

e) Whether Defendant's Butter Popcorn Products contain butter;

f) Whether Defendant's conduct violates the consumer fraud statutes;

g) Whether Defendant's conduct was unjust and in violation of principles of justice, equity and good conscience;

h) Whether Defendant breached the express and implied warranties made to Plaintiffs and Class Members;

i) Whether Defendant's conduct satisfies the elements of fraud;

j) Whether Defendant's conduct satisfies the elements of negligent misrepresentation;

    k)    Whether Defendant's false and misleading statements concerning its Butter Popcorn products were likely to deceive the public;

    l)    Whether Plaintiffs and Class Members have sustained monetary loss and the proper measure of that loss;

    m)    Whether Defendant's profits resulting from Plaintiffs' and Class Members' purchases and/or overpayments are subject to equitable disgorgement; and

    n)    Whether Plaintiffs and Class Members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

Defendant: Defendant, Farmer Jon's Popcorn, LLC is the maker of, among other things, butter flavored popcorn. The word "butter" appears prominently on the principal panel display or PDP [the front of the packaging]. The packaging accurately describes the product as popped popcorn. As required by law [21 CFR 101.4(a)] is prominently displayed on the rear of the packaging in compliance with the rules and regulations of the US Department of Health and Human Services, Food and Drug Administration Center for Food Safety and Applied Nutrition.

Plaintiffs' complaint alleges that plaintiffs were deceived into purchasing butter flavored popcorn when, in fact they thought they were purchasing butter. Plaintiffs claim to have inspected the packaging prior to purchasing. These cases have been previously determined by the Second Circuit in favor of defendants. See, Boswell v. Bimbo Bakeries USA, Inc., 570 F. Supp. 3d 89 (S.D.N.Y. 2021).

## II.    Exchange of Initial Disclosures

The Parties have met and conferred in accordance with Federal Rule of Civil Procedure 26(f) on May 27, 2025 and exchanged initial disclosures on June 10, 2025 as prescribed by Rule 26(a).

**III.     Concise Statement of Any Discrete Threshold or Dispositive Issues that the Pleadings Present**

Defendant filed its answer to the complaint on May 20, 2025 (*see* ECF No. 9). As a result, the Parties do not believe there are any issues that the pleadings present such as personal or subject matter jurisdiction, venue, or statute of limitations, that in the interest of justice and judicial economy warrant resolution nor is a stay of discovery necessary.

**IV.     Contemplated Motions**

Plaintiffs: Plaintiffs intend to file a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Following the Court's ruling on Plaintiffs' motion for class certification, Plaintiffs propose the Parties meet and confer within 14 days of the Court's ruling to determine the remaining discovery to be completed for trial, including merits expert discovery. Plaintiff will conduct remaining merits discovery by the same means listed above. Plaintiffs similarly propose that the dispositive motion deadline be set following the Court's ruling on Plaintiffs' anticipated motion for class certification.

Defendant: Defendant intends to file a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Complaint.

**V.     Prospects for Settlement**

The Parties intend to stipulate to an ADR process. The Parties intend to discuss whether early private mediation is appropriate and the timing of such and will discuss potential mediators and scheduling.

**VI.     Consent to Magistrate Judge**

All Parties have not consented to the exercise of jurisdiction of a magistrate judge.

## VII. Expedited Trial Procedure

Given the complex nature of the matter and the class action allegations, the Parties do not consent to the expedited trial procedure provided for in Part VI.A. of the Individual Practices of United States District Judge Victor Marrero.

## VIII. Proposed Case Management Plan

Concurrently herewith, the Parties submit a proposed Case Management Plan in the form available on Judge Marrero's page on the Southern District website.

Dated June 17, 2025

*/s/ Melissa S. Weiner*
Melissa S. Weiner (N.Y. License No. 5547948)
Ryan T. Gott*
**PEARSON WARSHAW, LLP**
328 Barry Avenue S., Suite 200
Wayzata, MN 55391
T: (612) 389-0600
*mweiner@pwfirm.com*
*rgott@pwfirm.com*

**KALIEL GOLD PLLC**
Sarah M. Levine (NY License No. 5762745)
Jeffrey D. Kaliel*
1100 15th Street, NW, 4th Floor
Washington, D.C. 20005
T: (202) 350-4783
*slevine@kalielgold.com*
*jkaliel@kalielpllc.com*

Sophia G. Gold (Admitted *Pro Hac Vice*)
490 43rd Street, No. 122
Oakland, CA 94609
T: (202) 350-4783
*sgold@kalielgold.com*

*Attorneys for Plaintiffs and the Putative Class*
*\*Pro Hac Vice forthcoming*

Dated June 17, 2025                                  */s/ Steven A. Lucia*

                                                 Steven A. Lucia (NY Bar #2298388)
                                                 **PHETERSON SPATORICO LLP**
                                                 Culver Road Armory
                                                 145 Culver Road, Suite 100
                                                 Rochester, New York 14620
                                                 585-546-5600

                                                 *Attorneys for Defendant*