USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/25/25_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLY CORLESS and JASON GOLDSTEIN, individually and on behalf of all others similarly situated, | CASE NO. 1:25-cv-03304-VM |
| Plaintiffs, | |
| vs. | |
| FARMER JON'S POPCORN, LLC, | |
| Defendant. | |

## <u>AGREED PROTECTIVE ORDER</u>

The Parties to this Agreed Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

## 1.    SCOPE

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits and information derived directly therefrom (hereinafter, collectively, "Documents" or, each, a "Document"), shall be subject to this Order Concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. As used herein, "Requesting Party" means the Party requesting production of documents and "Producing Party" means the Party that may be producing documents in response to the request of the Requesting Party. As used herein, the words "Party" or "Parties" (whether capitalized or not) include the Requesting Party and the Producing Party.

## 2.    CONFIDENTIAL INFORMATION

As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a Party to the case. Information or Documents that are available to the public may not be designated as Confidential Information.

3.      **DESIGNATION**

(a)     A Party may designate a Document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the Document and on all copies in a manner that will not interfere with the legibility of the Document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the Documents are produced or disclosed. Applying these markings to a Document does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of Documents that do not contain substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)     Designating a Document as Confidential Information is a certification that the attorney or a Party appearing *pro se* believes in good faith that the Document contains Confidential Information, as defined in this Order.[1]

4.      **DEPOSITIONS**

Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: no later than the twenty-eighth (28th) day after the transcript is delivered to any Party or the witness, and in no event later than sixty (60) days after the testimony was given, Within this time period, a Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated as Confidential Information or Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.      **PROTECTION OF CONFIDENTIAL MATERIAL**

(a)     <u>General Protections</u>. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Information may be disclosed only to the named plaintiff(s)

---

[1] An attorney who reviews the Documents and designates them as "CONFIDENTIAL" must be admitted to the Bar of at least one state, but need not be admitted to practice in the Southern District of New York unless the lawyer is appearing generally in the case on behalf of a Party. By designating Documents "CONFIDENTIAL" pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b)   <u>Limited Third-Party Disclosures</u>.  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)–(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)   <u>Counsel</u>.  Counsel for the Parties and employees of counsel who have responsibility for the action;

    (2)   <u>Parties</u>.  Individual Parties and employees of a Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)   <u>Court</u>. The Court and its personnel;

    (4)   <u>Court Reporters and Recorders</u>.  Court reporters and recorders engaged for depositions;

    (5)   <u>Contractors</u>. Those persons specifically engaged for the limited purpose of making copies of Documents or organizing or processing Documents, including outside vendors hired to process electronically stored Documents;

    (6)   <u>Consultants and Experts</u>. Consultants, investigators or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (7)   <u>Witnesses at Depositions</u>.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of Documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    (8)   <u>Author or Recipient</u>. The author or recipient of the Document (not including a person who received the Document in the course of litigation); and

(9)     <u>Others by Consent</u>.  Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

## 6.    CONTROL/SECURITY OF DOCUMENTS

Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information ("Designated Material").  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case. Any person or entity in possession of a Producing Party's Designated Material shall exercise the same degree of care with regard to the storage, custody or use of such Designated Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable and appropriate precautions to protect Designated Material from any unauthorized loss, access, disclosure, exfiltration, alteration, modification and destruction. Designated Material in electronic format shall be maintained in a secure manner that complies with generally accepted industry standards and practices regarding data security, including, but not limited to, appropriate encryption protocols and application of access control rights to those persons entitled to access Designated Material under this Order. Designated Material in paper format shall be maintained in a secure location with access limited to persons entitled to access Designated Material under this Order. The secure location shall be locked, and access shall be controlled by a password, physical key or other similar access control mechanism. The Designated Material shall be stored in a manner that prevents unauthorized viewing, copying or removal.

## 7.    DUTIES IN THE EVENT OF UNAUTHORIZED DISCLOSURES

It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Designated Material, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the Producing Party to understand and take appropriate steps. Each Party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of Documents or information. This provision does not limit the Producing Party's entitlement to damages resulting from any breach of this Order.

## 8.    INADVERTENT FAILURE TO DESIGNATE

An inadvertent failure to designate a Document as Confidential Information does not, standing alone, waive the right to so designate the Document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a Party designates a Document as Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the Document is  treated in accordance with the provisions of this Order.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated

4

Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential Information.

9.    **CLAWBACK/NON-WAIVER PROVISIONS**

(a)    The production of privileged or work-product-protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

(b)    This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

(c)    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(d)    If a Receiving Party has reason to believe that a produced Document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the Document or information, cease using the Document or information and cease using any work product containing the information and inform the Producing Party of the beginning Bates number of the Document or, if no Bates number is available, otherwise inform the Producing Party of the information. The Producing Party will promptly notify the Receiving Party whether it intends to claw back the Document in question or not.

(e)    A Producing Party must give written notice (a "clawback request") to any Receiving Party asserting a claim of privilege, work-product protection or other ground for reclaiming documents or information ("Privileged Material"). After a clawback request is received, the Receiving Party shall immediately sequester (if not already sequestered) and destroy or return the Privileged Material (including copies distributed to others, such as outside consultants and professional vendors), and shall expunge the Privileged Material from any derivative Documents (including deposition testimony), systems, document review databases, e-rooms or other storage locations. The Receiving Party shall not review or use Privileged Material, or any work product containing information taken from Privileged Material, for any purpose. Any Producing Party that claws back Privileged Material will provide the Receiving Party with a privilege log that identifies the basis for the assertion of privilege or protection over the clawed-back Documents. If there is a dispute about the privileged nature of clawed-back Documents, the Parties shall undertake reasonable efforts to resolve the dispute without court intervention. To the extent the Parties cannot resolve the dispute, the Receiving Party may bring a

motion to compel production of the Privileged Documents, which shall be filed under seal, but may not assert as a ground for compelling production the fact or circumstance that the Privileged Material was produced. The Receiving Party may make no use of the Privileged Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the Documents are found by a court to be not privileged or protected.

## 10.   FILING OF CONFIDENTIAL INFORMATION

This Order does not, by itself, authorize the filing of any Document under seal. Any Party wishing to file a Document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.5.

## 11.   NO GREATER PROTECTION OF SPECIFIC DOCUMENTS

Except for the categories set forth in the paragraph below or on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

## 12.   REDACTIONS

(a)     The Parties may redact: (i) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (ii) information subject to nondisclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (iii) sensitive, nonrelevant information, including, but not limited to, personally identifiable information, trade secrets or information regarding products, data or people. Privilege redactions will state, over the redacted portion, "Redacted–Privileged," and all other redactions will state, "Redacted–Nonresponsive." Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above—in which case, only so much of the subject line will be redacted as may be needed.

## 13.   LARGE LANGUAGE MODELS / GENERATIVE AI TOOLS

Absent notice to and permission from the Producing Party, any person or entity authorized to have access to Documents under the terms of this Order shall not use or employ any application, service or analytical software that will transfer, transmit, send or allow any external access to those Documents (in whole or in part) unless such application, service or analytical software is fully containerized (*i.e.*, does not transmit any information to any external system or network for the purpose of analysis, use or the generation of text outputs in response to queries, has the ability to track all information in the system (including access) and does not otherwise allow access to information by unauthorized persons). For the avoidance of doubt, this restriction expressly applies to the use of advanced large language models, "generative" AI tools and other advanced AI

systems, including, but not limited to, OpenAI GPT, ChatGPT3/4 *et seq*., Google Bard, Meta LLAMA, MidJourney, DALL-E and Stable Diffusion.

## 14. TRANSMITTAL OF DESIGNATED MATERIAL

A Receiving Party will not transmit or transport Designated Material outside of the United States. To the extent that a Receiving Party is authorized to transport or transmit electronic copies of Designated Material, only the following methods may be used: (a) encrypted email using an encryption tool that has a passphrase of at least twenty (20) characters in length and using at least 128-bit Advanced Encryption Standard (AES) cipher option; (b) a secure FTP site that implements 256-bit AES encryption over SSL and utilizes access controls, wherein the files containing the information are encrypted using a key length of at least twenty (20) characters and 256-bit AES encryption and are removed from the Secure FTP site within three (3) days; and (c) hand-delivery, where the data is stored on an encrypted hard-drive using at least an AES 128-bit hardware encryption algorithm and a removable hardware key or an RFID secured card.

## 15. NON-PARTY'S PROTECTED MATERIAL

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (i) promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (iii) make the information requested available for inspection by the Non-Party. If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 16. CHALLENGES BY A PARTY TO DESIGNATION AS CONFIDENTIAL INFORMATION

The designation of any material or Document as Confidential Information is subject to challenge by any Party at any time. The following procedure shall apply to any such challenge:

(a) <u>Meet and Confer</u>. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain

the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the Designated Material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days.

(b)  Judicial Intervention. If the Parties cannot resolve a challenge under subparagraph (a), within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, the designating Party shall file and serve a motion that identifies the challenged material and sets forth in detail the basis for the designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order. Failure by the designating Party to file a motion within the time limits set forth in this subparagraph shall waive the confidentiality designation for each challenged designation.

## 17.  ACTION BY THE COURT

Applications to the Court for an order relating to materials or Documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of Documents produced in discovery or at trial.

## 18.  USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION AT TRIAL

Nothing in this Order shall be construed to affect the use of any Document, material or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

## 19.  DESIGNATED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(a)  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Designated Material in this action, the Receiving Party must so notify the designating Party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material

covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Designated Material in the court from which the subpoena or order issued.  The designating Party shall bear the burden and the expense of seeking protection in that court of its Designated Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Designated Material by the other Party to this case.

## 20.    CHALLENGES BY MEMBERS OF THE PUBLIC TO SEALING ORDERS

A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal,  and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

## 21.    OBLIGATIONS ON CONCLUSION OF LITIGATION

(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation.  Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, the Receiving Party must destroy or return all Designated Material, including copies as defined in above, to the Producing Party and submit a written confirmation of the return or destruction to the Producing Party.

(c)     Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy Documents, counsel of record may retain (i) an archival copy of all pleadings, motion papers and supporting materials, transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (ii) one (1) complete set of all Documents filed with the Court, including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order. Any such materials being retained by counsel of record shall remain subject to this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Designated Material.

(d)    <u>Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF)
System</u>.  Filings under seal shall be deleted from the ECF system only upon order
of the Court.

## 22.    ORDER SUBJECT TO MODIFICATION

This Order shall be subject to modification by the Court on its own initiative or on motion
of a Party or any other person with standing concerning the subject matter.

## 23.    NO PRIOR JUDICIAL DETERMINATION

This Order is entered based on the representations and agreements of the Parties and for
the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial
determination that any document or material designated Confidential Information by counsel or
the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or
otherwise until such time as the Court may rule on a specific document or issue.

## 24.    PERSONS BOUND

This Order shall take effect when entered and shall be binding upon all counsel of record
and their law firms, the Parties and persons made subject to this Order by its terms.



**SO ORDERED.**

25 July 2025

DATE                VICTOR MARRERO, U.S.D.J.

WE SO MOVE
and agree to abide by the
terms of this Order

_/s/ Steven A. Lucia_

Signature

Printed Name: Steven A. Lucia

Counsel for Defendants

Dated: July 23, 2025

WE SO MOVE
and agree to abide by the
terms of this Order

_/s/ Melissa S. Weiner_

Signature

Printed Name: Melissa S. Weiner

Counsel for Plaintiffs

Dated: July 23, 2025

## ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**


KIMBERLY CORLESS and JASON
GOLDSTEIN, individually and on behalf of all
others similarly situated,

        Plaintiffs,

  vs.

FARMER JON'S POPCORN, LLC,

        Defendant.

_____

## ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND

      The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the

jurisdiction of the United States District Court for the Southern District of New York in matters

relating to the Protective Order and understands that the terms of the Protective Order obligate

him/her to use materials designated as Confidential Information in accordance with the Order

solely for the purposes of the above-captioned action, and not to disclose any such Confidential

Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____      _____
                                Signature