

VIA ECF
Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Monday, November 10, 2025

**Re:    Corless v. Farmer Jon's Popcorn, LLC; No.: 1:25-cv-03304-VM**

Dear Judge Marrero:

This correspondence responds to opposing counsel's recent submission purporting to oppose the defendant's proposed motion under Federal Rule of Civil Procedure 12(c). Respectfully, the arguments misconstrue both the factual record and the controlling precedents that govern representations of "butter" and similar flavor descriptors on food packaging. As the courts have repeatedly held—including in *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89 (S.D.N.Y. 2021)—a statement of "butter" on the front of packaging is understood by reasonable consumers to describe flavor, not composition, when the ingredient list clearly discloses the product's contents.

1. *Legal Standard*

Under New York General Business Law sections 349 and 350, to establish a viable deceptive practices claim, "a plaintiff must allege [i] that the defendant engaged in consumer-oriented conduct; [ii] that the conduct was materially misleading; and [iii] that the plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562 (S.D.N.Y. 2021). The standard requires that "the alleged deceptive act must be likely to mislead a reasonable consumer acting reasonably under the circumstances." *Barreto v. Westbrae Natural, Inc.*, 518 F. Supp. 3d 795 (S.D.N.Y. 2021).

Courts must "view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Barreto v. Westbrae Natural, Inc.*, 518 F. Supp. 3d 795 (S.D.N.Y. 2021). Importantly, "a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Barreto v. Westbrae Natural, Inc.*, 518 F. Supp. 3d 795 (S.D.N.Y. 2021).

2.  Absence of Composition Claims Distinguishes This Case

Courts have specifically noted the significance of language that would suggest ingredient composition rather than mere flavoring. The analysis in comparable cases emphasized that "the Product's label does not use language such as 'made with pure honey,' 'sweetened with pure honey,' 'no added sugars,' or anything similar." *Warren v. Stop & Shop Supermarket, LLC*, 592 F. Supp. 3d 268 (S.D.N.Y. 2022). Similarly, the absence of phrases like "made with real butter" or "contains butter" on the



packaging here supports the conclusion that reasonable consumers would understand the "butter" designation as a flavor descriptor. The packaging does not make explicit composition claims that would mislead consumers about the actual ingredients.

3. Clear Ingredient Disclosure Prevents Deception

The presence of a clear ingredient list that fully discloses the product's contents provides crucial context for reasonable consumer interpretation. Courts have consistently recognized that when ingredient information is readily available and clearly presented, reasonable consumers can make informed purchasing decisions.

The legal framework established in recent decisions shows that "a reasonable consumer 'would have recognized that the [product] might be [flavored] with some [butter flavoring], but also with other [ingredients].'" *Warren v. Stop & Shop Supermarket, LLC*, 592 F. Supp. 3d 268 (S.D.N.Y. 2022). This standard acknowledges that reasonable consumers understand the distinction between flavor descriptors and ingredient composition when ingredient lists are clearly provided.

4. The Controlling Precedent: *Bimbo Bakeries USA, Inc.*

In *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89 (S.D.N.Y. 2021), the court dismissed a nearly identical claim challenging the phrase "Made With Real Butter" on bread packaging. The court held that no reasonable consumer could interpret the word "butter" as a guarantee that butter was the sole shortening or exclusive fat used, particularly where the ingredient panel accurately disclosed that the product contained both butter and vegetable oils. The court emphasized that "reasonable consumers understand that 'butter' used in a product description refers to flavor, not a guarantee of exclusive use of butter as an ingredient." *Id.* at 93–94.

Further supporting defendant's position is the fact that Federal courts have "recently dismissed claims on motions to dismiss that the labeling of a vanilla-flavored product was misleading because the vanilla flavor did not come exclusively from natural vanilla." *Barreto v. Westbrae Natural, Inc.*, 518 F. Supp. 3d 795 (S.D.N.Y. 2021). These decisions establish a clear precedent that single-word flavor descriptors do not constitute deceptive labeling under consumer protection statutes.

The consistent dismissal of similar claims demonstrates judicial recognition that reasonable consumers understand the difference between flavor descriptions and ingredient representations. Courts have found that "the failure of Plaintiffs' overarching theory of misleading business practices dooms these claims as well," including related claims for "negligent misrepresentation, fraud, breach of warranty, and unjust enrichment." *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562 (S.D.N.Y. 2021).



5. Application to Farmer Jon's Popcorn

Here, the Farmer Jon's Popcorn packaging plainly uses the single-word flavor descriptor "Butter" as just that, a flavor descriptor—indicating to consumers the type of popcorn (i.e., butter-flavored popcorn) rather than purporting to list its ingredients. The Nutrition Facts panel and ingredient list set forth, in full compliance with FDA regulations under 21 C.F.R. § 101.3 and § 101.22, the precise composition of the product, including flavoring and oils.

Under *Bimbo Bakeries*, the determinative inquiry is how a reasonable consumer would interpret the statement in context. When the ingredient list is accurate and the front-label term is consistent with flavor, not composition, courts uniformly find no deception. See also *Boswell*, 570 F. Supp. 3d at 94 ("the front label cannot reasonably be read as a promise that butter is the only shortening").

6. The Law, Not Defendant's Characterization, Dooms Plaintiff's Claim

Plaintiff's opposition insists that it is the defendant's "contentions" that are self-serving. In truth, it is the statutory and precedential framework itself—not any creative pleading by the defense—that renders plaintiff's theory untenable. The Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 343) and implementing regulations expressly contemplate that flavor designations (e.g., "Butter Popcorn," "Vanilla Ice Cream," "Cheddar Snack Crackers") are descriptive of flavor profiles. So long as the ingredient list is truthful—and here it indisputably is—such descriptors are lawful and not misleading as a matter of law.

To adopt plaintiff's view would require this Court to disregard *Boswell*, and a line of cases consistent Second Circuit authority distinguishing between flavor descriptors and ingredient misrepresentation. See *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), distinguished in *Boswell*, 570 F. Supp. 3d at 93–94 (holding that *Mantikas* applies only where the front label directly contradicts the ingredient list, which is not the case here).

7. Conclusion

Plaintiff's claim is foreclosed not by Defendant's rhetoric but by the law's clarity. The *Bimbo Bakeries* line of decisions and federal labeling regulations leave no ambiguity: a truthful ingredient list cures any alleged confusion arising from flavor descriptors, and "Butter" as used on Farmer Jon's Popcorn is plainly and lawfully a flavor statement.



For these reasons, the complaint fails as a matter of law and should be dismissed in its entirety and defendant moves for judgment on the pleadings as no amount of paper discovery or depositions will supersede the precedent cited.

Respectfully,
PHETERSON SPATORICO LLP

By _____
Steven A. Lucia

Cc:    Kaliel Gold PLLC
       Sophia G. Gold, Esq.
       sgold@kalielgold.com
       Attorneys for Plaintiff
       (VIA ECF)