

328 BARRY AVENUE S., SUITE 200
WAYZATA, MN 55391
*office* (612) 389-0600
*fax* (612) 389-0610
PWFIRM.COM

MELISSA S. WEINER
*direct* (612) 389-0601
MWEINER@PWFIRM.COM

December 12, 2025

**VIA ECF**

Hon. Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    Kimberly Corless v. Farmer Jon's Popcorn, LLC; No.: 1:25-cv-03304-VM

Dear Judge Marrero:

Pursuant to the Court's Individual Practices, the parties submit this joint letter identifying several discovery disputes for the Court's resolution. The parties have met and conferred and are unable to reach agreement as to the issues below.

## PLAINTIFFS' STATEMENT

### I.    Background

For months, Defendant has flouted its basic discovery obligations, imposing delays and substantial prejudice on Plaintiffs. More recently, Defendant has failed to timely supplement its deficient responses or cooperate in scheduling depositions. This conduct requires Court intervention and warrants reasonable sanctions in the form of attorneys' fees and costs for the necessity in bringing this motion given the repeated attempts to resolve these issues informally.

As background, Plaintiffs served a First Set of Interrogatories and First Set of Requests for Production of Documents on June 23, 2025. On July 30, 2025, Plaintiffs notified Defendant by email that its responses to both requests were overdue. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Defendant responded that it needed "additional time" to draft responses. On August 9, 2025, Plaintiffs inquired again about the overdue responses. Defendant responded again that it needed additional time.

Plaintiffs wrote to Defendant regarding its overdue responses for a third time on August 27, 2025, noting their intention to seek Court intervention. The next day, Defendant again failed to provide a firm date for its responses and informed Plaintiffs—for the first time—that a family matter caused its delay in responding. Plaintiffs asked Defendant to provide responses that week.

PEARSON WARSHAW, LLP

Hon. Victor Marrero
December 12, 2025
Page 2

Defendant did not respond to that request. Finally, on September 12, 2025, Defendant served responses and objections to Plaintiff's discovery and a total of nine responsive documents.

Defendant's September 12, 2025 production and discovery responses are woefully inadequate. Defendant failed to follow basic instructions set forth in Plaintiffs' discovery requests, including directions to provide bates-stamped documents and identify the specific requests to which such documents are responsive. Defendant also provided incomplete responses—and in some cases failed to respond entirely—to numerous discovery requests. Notably, Defendant provided none of Plaintiffs' requested documentation concerning: (1) its relationship with third-party contractors involved in the labeling of its products; (2) the review and approval of its product labeling; and (3) the identities of known retailers of its products. Indeed, Defendant even failed to respond to Plaintiffs' request for the complete labels of its products, opting instead to provide a list of product barcodes.

Plaintiffs outlined these and other deficiencies in an October 7, 2025 letter (attached hereto as **Exhibit A**), requesting that Defendant supplement its responses and production by October 17, 2025. The parties met and conferred regarding Plaintiffs' letter on November 13, 2025. During the meeting, Defendant agreed to supplement its responses and production as Plaintiffs requested.[1] Having heard no update for almost two weeks, Plaintiffs emailed Defendant on November 25, 2025, noting their intention to seek Court intervention if Defendant did not supplement its responses and production by the next day. Defendant failed to respond.

Aside from its failure to supplement, Defendant has also stonewalled Plaintiffs' discovery efforts by refusing to provide potential dates for 30(b)(6) depositions. Defendant contends, without support, that it is "unduly burdensome" to depose any witnesses during the pendency of its proposed motion for judgment on the pleadings.

## II.     Defendant must produce its overdue discovery.

Defendant's refusal to supplement its deficient responses to two straightforward discovery requests is simply its latest delay tactic—Plaintiffs have been asking Defendant to respond to these requests for almost *five months* now. Lacking the complete responses and documents that are crucial to this case, Plaintiffs cannot meaningfully develop their claims, prepare to depose corporate witnesses, or draft pretrial motions. Defendant's conduct is particularly egregious given this Court's intolerance of lesser delays. *See, e.g.*, *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 164 (S.D.N.Y. 2011) (responding to discovery requests four months past deadline warranted waiver of all objections); *RBS Holdings, Inc. v. Gordon & Ferguson, Inc.*, 2007 WL 1610211, at *3 (S.D.N.Y. June 4, 2007) (awarding sanctions where defendant's discovery responses were untimely by over a month).

---

[1] Defendant's representation below that it gave "full and complete responses" is belied by its agreement to supplement during the November 13 meet-and-confer.

PEARSON WARSHAW, LLP

Hon. Victor Marrero
December 12, 2025
Page 3

Plaintiffs regret that they must involve the Court in ensuring Defendant's compliance with rudimentary discovery obligations. But they are hopeful that the Court's intervention will mitigate the prejudice inflicted by Defendant and ensure that the litigation proceeds as swiftly as possible.

### III.    Defendant must cooperate with Plaintiffs in scheduling depositions.

Defendant also improperly seeks to postpone 30(b)(6) depositions (and, in essence, stay discovery) until after the Court's decision on its proposed motion for judgment on the pleadings. This position finds no support in fact or law.

Other than the usual time and expense involved in any deposition, Defendant identifies no specific burden it would suffer from permitting Plaintiffs to take the 30(b)(6) testimony they are entitled to. Indeed, this Court has made clear that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (noting that party seeking stay must demonstrate good cause) (quoting *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).

Moreover, Defendant's proposed 12(c) motion concerns only one of multiple claims. Even if successful, the motion would neither dispose of the entire case nor render the need for depositions moot. This, too, renders Defendant's implicit attempt to stay discovery untenable. *See Khan v. City of N.Y.*, 757 F. Supp. 3d 327, 335 (E.D.N.Y. 2024) (stay of discovery unwarranted where defendant's dispositive motion, even if successful, would not dispose of entire case); *Medina v. City of N.Y.*, 2020 WL 3050971, at *2 (S.D.N.Y. June 8, 2020) (same).

Fact discovery, including 30(b)(6) depositions, should proceed in earnest given Defendant's failure to justify a stay.

### IV.    Plaintiffs are entitled to reasonable attorneys' fees and costs.

Plaintiffs respectfully request the "mildest" sanction available for Defendant's misconduct—attorneys' fees and costs—to compensate counsel for their time and expense incurred in resolving the issues above. *See Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y. 1995) (noting that award of costs and fees is "[t]he typical discovery sanction" and recognizing Court's inherent power to impose it). Sanctions "are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 298 (S.D.N.Y. 2024).

In determining whether attorneys' fees and costs are warranted, the Court must consider "not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit." *J.C. v. Zimmerman*, 150 F.4th 136, 147 (2d Cir. 2025). Here, Defendant's discovery abuses have continued for months and Defendant refuses, without justification, to participate in scheduling depositions. A fee award is thus not only reasonable but necessary to deter similar conduct in the future. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 157 (S.D.N.Y. 2012) ("Monetary sanctions

PEARSON WARSHAW, LLP

Hon. Victor Marrero
December 12, 2025
Page 4

are appropriate 'to punish the offending party for its actions [and] to deter the litigant's conduct, sending the message that egregious conduct will not be tolerated.'") (alteration in original).

### V.    Plaintiffs are entitled to a modest extension of discovery deadlines.

The Court may amend discovery deadlines for good cause where a movant demonstrates diligence in attempting to comply with the existing schedule. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Accordingly, Plaintiffs request a two-month extension of the existing fact discovery deadline. As discussed above, Plaintiffs have diligently pursued discovery for the past five months and Defendant's delays have placed a considerable strain on the progress of this case. This modest extension will help to ensure that all remaining discovery and pretrial briefing is completed in a timely manner.

### VI.    Conclusion

For the reasons above, Plaintiffs respectfully seek an order: (1) compelling Defendant to supplement its document production and responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents no later than 7 days after the date of the order and in accordance with the deficiencies identified in the letter attached hereto as **Exhibit A**; (2) directing Defendant, no later than 7 days after the date of the order, to provide Plaintiffs with 2-3 potential dates for a 30(b)(6) deposition to be taken in January 2026;  (3) awarding Plaintiffs reasonable attorneys' fees and costs; and (4) extending the fact discovery deadline by two months.

<u>**DEFENDANT'S STATEMENT**</u>

Defendant, Farmer Jon's Popcorn, LLC ("FJ" or "Defendant") takes issue with the assertion that it has flouted its discovery obligations.  It bears noting that FJ is a very small company with less than 15 employees, only 2 of whom speak English.  While that fact alone does not absolve FJ from complying with relevant and appropriate discovery demands, it is relevant to the burdens placed on FJ in the course of its business to defend this lawsuit that FJ maintains is without merit.

With respect to FJ's alleged failure to fully respond to Plaintiffs' discovery demands, FJ points out the following.  In response to Plaintiff's demand for the production of documents, FJ produced (1) an Excel spreadsheet listing all of its customers; (2) an Excel spreadsheet with all of FJ's product costs; (3) an Excel spreadsheet with 421 lines of product recipes; (4) an Excel spreadsheet detailing FJ's sales by all of its customers; and (5) an Excel spreadsheet detailing all of FJ's sales by product code.  In addition, FJ produced documents concerning its product safety, all its product codes, its agreement with its supplier and its employee handbook.

FJ further maintains that it gave full and complete responses to Plaintiffs' Interrogatories. The fact that Plaintiffs apparently do not like FJ's responses is of no moment and does not form a basis for a discovery sanction.

PEARSON WARSHAW, LLP

Hon. Victor Marrero
December 12, 2025
Page 5

FJ has not refused to provide a witness for depositions.  FJ has suggested to Plaintiffs' Counsel that the parties wait until the Court rules on FJ's motion to dismiss the action before undertaking the time and expense of depositions, which for a small company are not insubstantial, not to mention the burden to its ongoing operations.

As further relevant to this matter, just this week FJ provided additional information to its Counsel for review.  Counsel is in fact reviewing the information and will produce any documents or information that are responsive to Plaintiff's discovery demands.

Finally, any alleged discovery failures by FJ were not willful.  Certainly there is no basis for any award of attorneys' fees to Plaintiffs.  Once again, Counsel has undertaken a review of documents provided by FJ and will produce additional responses to Plaintiffs to the extent the documents and information are responsive to Plaintiffs' demands. Defendant will comply with any Order of the Court in this regard.

Respectfully,

**PEARSON WARSHAW, LLP**

*/s/ Melissa S. Weiner*

Melissa S. Weiner
mweiner@pwfirm.com

**PHETERSON SPATORICO LLP**

*/s/ Steven A. Lucia*

Steven A. Lucia
Steven.lucia@psnlawgroup.com

Attachment: Exhibit A

cc:      All counsel of record (via ECF)

# EXHIBIT A



328 BARRY AVENUE S., SUITE 200
WAYZATA, MN 55391
*office* (612) 389-0600
*fax* (612) 389-0610
PWFIRM.COM

MELISSA S. WEINER
*direct* (612) 389-0601
MWEINER@PWFIRM.COM

October 7, 2025

Steven A. Lucia, Esq.
**PHETERSON SPATORICO LLP**
Culver Road Armory
145 Culver Road, Suite 100
Rochester, NY 14620
Tel: 585-546-5600
Email: steven.lucia@psnlawgroup.com

**VIA E-MAIL**

Re:    Meet and Confer regarding Defendant Farmer Jon's Popcorn, L.L.C.'s Objections and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents

        <u>Case Name</u>:    *Coreless, et al. v. Farmer Jon's Popcorn, L.L.C.*
        <u>Case No.</u>:     1:25-cv-03304-VM

Dear Mr. Lucia:

We write on behalf of Plaintiffs Kimberly Corless and Jacob Goldstein ("Plaintiffs") to identify deficiencies in Defendant Farmer Jon's Popcorn, L.L.C.'s ("Defendant" or "Farmer Jon's") Objections and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents, dated September 12, 2025. In an effort to resolve these issues without Court intervention, Plaintiffs ask the Farmer Jon's to respond to the identified deficiencies within 10 days from the date of this correspondence. Plaintiffs reserve all rights to supplement these deficiencies at any point.

<strong><u>GENERAL RESPONSES AND OBJECTIONS</u></strong>

In both Farmer Jon's Objections and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents, Farmer Jon's General Responses and Objections include a vague objection on the grounds of privilege encompassing "documents generated by Defendant's counsel of record, documents from third parties obtained by Defendant's counsel of record, and correspondence set by Defendant to counsel, in connection with this action or any related proceeding now pending[…]" Farmer Jon's use of such a general objection is in violation of the Federal Rules of Civil Procedure and case law within this District. *See Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("From now on in cases

PEARSON WARSHAW, LLP

Page 2

before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections"). As a result, Plaintiffs request Farmer Jon's either (1) serve amended Objections and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents withdrawing the general objection related to privilege; or (2) if Farmer Jon's has identified documents responsive to Plaintiffs' discovery requests, but has withheld such documents on the basis of privilege, to serve amended Objections and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents identifying which discovery requests Farmer Jon's is asserting a claim of privilege and produce a corresponding privilege log in accordance with the protective order (ECF No. 18), and ESI protocol order. ECF No. 17.

## FARMER JON'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**Interrogatory No. 2:**

Farmer Jon's Response to Interrogatory No. 2 fails to respond to the entirety of the information requested by Interrogatory No. 2. Farmer Jon's fails to respond to the following: (1) Farmer Jon's failed to identify any Products' stock keeping unit (SKU), universal product code (UPC), DPCI, ASIN, or other unique identifying number used by any retailer of Farmer Jon's Popcorn Products. *See* Interrogatory No. 2(b)-(d). As a result, Farmer Jon's response to Interrogatory No. 2 is deficient and requires supplementation. Therefore, Plaintiffs request Farmer Jon's amend its Objections and Responses to Plaintiffs' First Set of Interrogatories to respond fully to Interrogatory No. 2.

**Interrogatory Nos. 3 & 4**:

Farmer Jon's reliance upon the "Customer Contact List," "Sales by Customer Summary" and "Sales by Prodcut Code"[1] documents is deficient as those documents fail to provide the entirety of the information sought by Interrogatory Nos. 3 & 4. First, despite the "Sales by Customer Summary" stating that it covers sales from May 17, 2022 - August 31, 2025, it appears that the last month of recorded sales for this document is July 2024. This conclusion is reached by comparing the total sales from the "Sales by Product Code" summary (6,117,120.77 units sold;[2] total sales: $26,698,624.94), which ends its sales summary in July 2024, to the total sales from the "Sales by Customer Summary" (total sales: $26,698,624.94). Farmer Jon's response to Interrogatory No. 3 is therefore deficient for improperly limiting the identification of sales to July 2024 and Plaintiffs request that Farmer Jon's amend its Objections and Responses to Plaintiffs' First Set of Interrogatories No. 3 to identify sales from July 2024 through the present.

---

[1] Plaintiffs also request that Farmer Jon's provide an explanation/description of the sales that are contained in the "Other" columns.

[2] Plaintiffs are equally confused how Farmer Jon's was able to sell .77 units of a Product and would like explanation as to that calculation.

PEARSON WARSHAW, LLP

Page 3

Farmer Jon's response to Interrogatory No. 3 is similarly deficient as the "Customer Sales Summary" fails to break down the net sales, total retail sales and operating income attributable to the sales of Farmer Jonb's Popcorn Products in New York, California, Florida, Illinois, Massachusetts, Michigan, Minnesota, New Jersey, Washington and nationwide. It is unclear if the figures contained in the "Customer Sales Summary" are an amalgamation of the nine states listed above or nationwide. As a result, Farmer's Jon's reliance upon the "Customer Sales Summary" is deficiency and Plaintiffs request Farmer Jon's respond fully to Interrogatory No. 3.

**Interrogatory No. 5:**

Farmer Jon's response to Interrogatory No. 5 is deficient as the Interrogatory does not ask whether Farmer Jon's sets or establishes retail pricing with distributors as Farmer Jon's response states. To the contrary, Interrogatory No. 5 merely requests that Farmer Jon's identify on a quarterly basis the average retail price for each of the Farmer Jon's Popcorn Products sold in New York, California, Florida, Illinois, Massachusetts, Michigan, Minnesota, New Jersey, Washington and nationwide, including a breakdown of prices for each of Farmer Jon's Popcorn Products identified in your response to Interrogatory No. 2. If Farmer Jon's has this information in its possession, custody or control, regardless of who or what established the retail pricing of the Popcorn Products, Farmer Jon's is obligated to respond to Interrogatory No. 5 with the responsive information. Conversely, if Farmer Jon's does not have this information in its possession, custody or control, Farmer Jon's is obligated to respond as such. As a result, Plaintiffs request that Farmer Jon's amend its response to Interrogatory No. 5.

**Interrogatory Nos. 6 & 11:**

Similar to the deficiency identified in Farmer Jon's response to Interrogatory No. 5, Farmer Jon's responses to Interrogatory Nos. 6 and 11 are deficient as the Interrogatories do not ask whether Farmer Jon's has "done" any economic analysis of consumer/marketing research regarding the pricing of Farmer Jon's Popcorn Products or whether Farmer Jon's has engaged in any consumer or marketing research surveys or Studies Regarding Farmer Jon's Popcorn Products. Interrogatory Nos. 6 and 11 seek the identification of ***any*** economic analysis of consumer/marketing research regarding the pricing of Farmer Jon's Popcorn Products and ***any*** consumer or marketing research surveys or Studies Regarding Farmer Jon's Popcorn Products. These Interrogatories therefore seek the identification of ***any*** such responsive information that is in the possession, custody or control of Farmer Jon's regardless of authorship. As a result, Plaintiffs request that Farmer Jon's amend its responses to Interrogatory Nos. 6 and 11.

**Interrogatory No. 9:**

Farmer Jon's response to Interrogatory No. 9 is unresponsive to the request. Interrogatory No. 9 seeks the identification of ***the complete label or packaging*** of each SKU of Farmer Jon's Popcorn Products sold within the Relevant Time Period. Therefore, Farmer Jon's response citing to its sales bar codes without production of the Products' labels is unresponsive. Plaintiffs request that Farmer Jon's amend its response to Interrogatory No. 9 to identify ***the complete label or packaging*** of each SKU of Farmer Jon's Popcorn Products sold within the Relevant Time Period.

PEARSON WARSHAW, LLP

Page 4

**Interrogatory No. 21:**

Farmer Jon's response to Interrogatory No. 21 is deficient as it does not respond in the affirmative or negative as requested by the Interrogatory and as required under the Federal Rules of Civil Procedure. Contrary to Farmer Jon's response of "Not applicable," the Interrogatory seeks information that is relevant to Plaintiffs' claims and proportional to the needs to the case. See Fed. R. Civ. P. 26(b)(1). As a result, Plaintiffs request that Farmer Jon's amend its response to Interrogatory No. 21 with a complete response.

**FARMER JON'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**Instructions**:

As a preliminary matter, Farmer Jon's failed to follow the instructions that were provided with the Requests. Among other instructions, Farmer Jon's failed to follow the following instructions, rendering Farmer Jon's responses deficient:

- "The documents produced in response to each Request should be segregated and clearly marked or labeled as to the specific Requests to which such Documents are responsive and are being produced." Instruction No. 8.
- "It is requested that in answering these Requests, the actual language of each Request be set forth immediately prior to the response given for that Request." Instruction, No. 17.

As a result, Plaintiffs request that Farmer Jon's amend its Objections and Responses to Plaintiffs' First Request for Production of Documents to (1) specifically identify the documents responsive to each Request; and (2) respond to the Requests within the format that was provided to Farmer Jon's with the Request set forth immediately prior to the response given for each Request.

**Document Production**:

According to the stipulated ESI protocol, entered by Order by this Court, ECF No. 17, documents are to be produced via bates label. None of Farmer Jon's production contains Bates labels, in violation of the ESI order. As a result, Plaintiffs request Farmer Jon's reproduce its document production with appropriate bates labels in accordance with the ESI Order entered in this case.

Farmer Jon's production failed to produce a singular correspondence in response to any Request despite the definition of "Document" to include, among other things, e-mail, written correspondence and text messages. As a result, Plaintiffs seek a meet and confer with Defendant to discuss the absence of production of correspondence and what efforts were made to locate such responsive documentation.

PEARSON WARSHAW, LLP

Page 5

**Request Nos. 1 &4:**

Farmer Jon's responses to Request Nos. 1 and 4 are deficient in relation to the geographic identification of sales of the Popcorn Products; and (2) they fail to provide responsive information for the entire Relevant Time Period.

First, despite the "Sales by Customer Summary" stating that it covers sales from May 17, 2022 - August 31, 2025, it appears that the last month of recorded sales for this document is July 2024. This conclusion is reached by comparing the total sales from the "Sales by Product Code" summary (6,117,120.77 units sold; total sales: $26,698,624.94), which ends its sales summary in July 2024, to the total sales from the "Sales by Customer Summary" (total sales: $26,698,624.94). Farmer Jon's response to Request Nos. 1 and 4 are therefore deficient for improperly limiting the production of sales data to July 2024 and Plaintiffs request that Farmer Jon's amend its responses to Request Nos. 1 and 4 to produce sales data from July 2024 through the present.

Farmer Jon's responses to Request Nos. 1 and 4 are similarly deficient as the "Customer Sales Summary" fails to break down the net sales, total retail sales and operating income attributable to the sales of Farmer Jon's Popcorn Products in New York, California, Florida, Illinois, Massachusetts, Michigan, Minnesota, New Jersey, Washington and nationwide. It is unclear if the figures contained in the "Customer Sales Summary" are an amalgamation of the nine states listed above or nationwide. As a result, Plaintiffs request Farmer Jon's respond fully to Request Nos. 1 and 4 to break down sales data by state and nationwide as requested by those Requests.

**Request No. 3:**

Farmer Jon's response to Request No. 3 is deficient as whether information and/or documentation responsive to the request may be in the possession, custody or control of other or third parties is not a valid objection or reason to refuse to produce otherwise responsive information and/or documentation. As a result, Farmer Jon's is obligated to amend its response to Request No. 3 to respond as to whether it has responsive information and/or documentation to the Request and if so, to produce the information and/or documentation regardless of whether a third party is also in possession of the information and/or documentation.

**Request No. 6:**

Plaintiffs note that known retailers of the Farmer Jon's Popcorn Products are notably missing from the document production. Plaintiffs request a meet and confer on this topic.

**Request Nos. 7 & 8:**

Farmer Jon's responses to Request Nos. 7 and 8 are unresponsive to the Requests. Request Nos. 7 and 8 seek the production of ***the complete label or packaging*** of each SKU of Farmer Jon's Popcorn Products sold within the Relevant Time Period, including exemplars and drafts of all such materials, and all documents regarding the creation or revision of the label or packaging of each SKU of Farmer Jon's Popcorn Products sold during the Relevant Time Period. Therefore, Farmer Jon's response citing to its sales bar codes without production of the Products' labels as well as

PEARSON WARSHAW, LLP

Page 6

documents relating to the creation and revisions of those labels is unresponsive. Plaintiffs request that Farmer Jon's amend its response to Request Nos. 7 and 8 and produce ***the complete label or packaging*** of each SKU of Farmer Jon's Popcorn Products sold within the Relevant Time Period, including exemplars and drafts of all such materials, and all documents regarding the creation or revision of the label or packaging of each SKU of Farmer Jon's Popcorn Products sold during the Relevant Time Period.

**Request No. 10:**

Request No. 10 seeks production of "All documents, including Communications, Regarding the review and approval of labeling or packaging for Farmer Jon's Popcorn Products sold during the Relevant Time Period." To which, Farmer Jon's responded "Documents responsive to this request are produced herewith." However, contrary to that response, Plaintiffs are unable to identify any documentation produced by Defendant that could be considered responsive to the Request. As a result, Plaintiffs seek a meet and confer with Farmer Jon's to see if documents that were intended to be produced with Farmer's Jon's discovery responses were inadvertently not included in the production.

**Request No. 11:**

Farmer Jon's response to Request No. 11 is deficiency as it failed to produce any documents sufficient to show any contracts with third-party contractors involved in the labeling of Farmer Jon's Popcorn Products sold during the Relevant Time Period. As a result, Plaintiffs request that Farmer Jon's amend its response to Request No. 11 as it relates to third-party contractors involved in the labeling of Farmer Jon's Popcorn Products sold during the Relevant Time Period and produce any identified documentation.

**Request No. 13:**

Farmer Jon's response to Request No. 13 is deficient as it failed to produce any records related to the labels used for each batch or lot of the Farmer Jon's Products. As a result, Plaintiffs request that Farmer Jon's amend its response to Request No. 13 as it relates to any records related to the labels used for each batch or lot of the Farmer Jon's Products sold during the Relevant Time Period and produce any identified documentation.

**Request No. 21:**

Plaintiffs seek a meet and confer with Farmer Jon's due to the response to Request No. 21 mentioning the production of "product sales sheets and product photographs." Plaintiffs have not identified any documentation produced by Defendant that fits that description. As a result, Plaintiffs seek a meet and confer with Farmer Jon's to see if documents that were intended to be produced with Farmer's Jon's discovery responses were inadvertently not included in the production.

We look forward to your response.

PEARSON WARSHAW, LLP

Page 7

Very truly yours,

*/s/ Melissa S. Weiner*

Melissa S. Weiner

Cc:     Sophia Gold, Esq.